PEOPLE v HOOPER

Docket No. 77-1466. Submitted June 16, 1978, at Detroit.—Decided July 19, 1978.

Defendant, Larry Hooper, was convicted in Wayne Circuit Court, Horace W. Gilmore, J., of possession of heroin. Defendant appeals alleging error in admitting statements made to police after being informed of his *Miranda* rights and after expressing his desire to remain silent. *Held:*

The trial court erred in admitting statements defendant made to police after being informed of his *Miranda* warnings and after expressing a desire to remain silent.

Reversed and remanded.

CRIMINAL LAW—EVIDENCE—STATEMENTS OF DEFENDANTS—MIRANDA WARNINGS—APPEAL AND ERROR.

Once *Miranda* warnings are given and the defendant indicates that he wishes to remain silent, any subsequent statements made by the defendant in response to questioning during the booking process prior to incarceration are inadmissible at trial; admission of such statements is reversible error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Charles E. Raymond,* for defendant.

Before: N. J. KAUFMAN, P. J., and BEASLEY and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant was charged with pos-

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 614, 638–640.
* Circuit judge, sitting on the Court of Appeals by assignment.

session with intent to deliver heroin,[1] and was convicted by a jury of possession of heroin.[2] After sentence to a term of not less than two and one-half years nor more than four years in prison, he appeals as of right, raising three claims of error.

First, defendant claims that the trial court committed reversible error in admitting into evidence statements allegedly made by defendant in response to questioning that occurred after defendant had been informed of his rights and had said he did not wish to make any statement.

Defendant was arrested during the execution of a search warrant at his residence. The arresting officers[3] informed him of his *Miranda*[3] rights, and defendant indicated that he would not make any statement and signed a questionnaire evidencing his refusal to do so. At this point, *Miranda* holds that further statements made by such a defendant are not admissible in evidence.[4] In this case, subsequent to declining to waive his *Miranda* rights, defendant was requested to supply certain information of a personal history and medical nature, ostensibly for the purpose of assisting the booking process.

One space on the personal history form was titled "Drugs Used". When asked whether he used drugs, the defendant allegedly replied that he used pills to "get high". He also allegedly denied using heroin, although that information was not included on the form. Prior to trial, defendant sought to exclude the statements made to officers in response to questions on the personal history

---

[1] MCL 335.341(1)(a); MSA 18.1070(41)(1)(a).

[2] MCL 335.341(4)(a); MSA 18.1070(41)(4)(a).

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

[4] Unless, of course, they are preceded by a subsequent valid *Miranda* waiver.

form on the ground that they violated his *Miranda* rights. His motion was denied, and the statements were subsequently admitted into evidence. Under these circumstances, admission of those statements made after refusal to waive *Miranda* rights was reversible error.

The mandate of *Miranda* is clear:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked."[5]

At the point that defendant, in the instant case, expressly indicated his unwillingness to make any statement, interrogation should have ceased. Therefore, the answers to any questions put to defendant after that point in time were, under *Miranda,* inadmissible in evidence at trial. This is not to say that police may not seek to obtain information vital to the care and health of a person taken into custody, including necessary information on possible drug use. Information gained for the benefit of a defendant and for the purpose of assisting in his custodial care may not, however, subsequently be used against him at trial. To allow this practice would be to encourage the subverting of an accused's constitutional right

---

[5] *Miranda v Arizona,* 384 US at 473–474.

to remain silent under the guise of obtaining statements purely for his own benefit.

We hold that to admit into evidence statements made by a defendant after the defendant has been advised of his *Miranda* rights and has indicated a refusal to make any statements is reversible error even where those statements are made in response to questions posed ostensibly for custodial care purposes.[6]

Since the situations giving rise to defendant's other claims of error are not likely to recur on retrial, we find it unnecessary to decide them.

Reversed and Remanded for new trial.

---

[6] Except where subsequent valid waiver of *Miranda* rights is given.